ERIN O. DUNGAN (CA SBN 227090)
erin@paddalawgroup.com
PADMANABHAN & DAWSON, P.L.L.C
45 South 7th Street, Suite 2315
Minneapolis, MN  55402
Telephone:   (612) 444-3601
Facsimile:    (612) 444-3195

Attorneys for Defendants
NOVAtime Technology, Inc. and
Ascentis Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NOVATIME TECHNOLOGY, INC. AND ASCENTIS CORPORATION,<br><br>Defendants. | Case No. 5:20-cv-00145 PSG (GJSx)<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br><br>**JURY TRIAL DEMANDED** |
| NOVATIME TECHNOLOGY, INC. AND ASCENTIS CORPORATION,<br><br>Counteclaim Plaintiffs,<br><br>vs.<br><br>SYMBOLOGY INNOVATIONS, LLC,<br><br>Counterclaim Defendant. | |

PADMANBHAN & DAWSON, P.L.L.C.
45 South 7th Street, Suite 2315
Minneapolis, MN 55402

Defendants NOVAtime Technology, Inc. ("NOVAtime") and Ascentis Corporation ("Ascentis") (collectively, "Defendants") hereby provide their Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff") Complaint ("Complaint").  Except as specifically admitted or qualified herein, Defendants deny each and every allegation, statement and/or thing set forth in Plaintiff's Complaint, and with respect to each of the specific paragraphs set forth in Plaintiff's Complaint further state and alleges as follows:

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Defendants admit Plaintiff purports to bring an action for infringement of U.S. Patent No. 8, 424,752 titled "System and Method for Presenting Information About An Object On a Portable Electronic Device" ("the '752 Patent" or "Patent-in-Suit") against Defendants, and that a copy of such patent appears to be attached as Exhibit A to Plaintiff's Complaint.  Defendants deny the remaining allegations of Paragraph 1 of the Complaint and specifically deny that there are any legal or factual bases for Plaintiff's Complaint.

## NATURE OF THE ACTION

2. Defendants admit Plaintiff's Complaint purports to be an action for patent infringement arising under the United States Patent Acrt, including 35 U.S.C. § 271, but deny that there are any legal or factual bases for Plaintiff's Complaint.

# PARTIES

3. On information and belief, Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

# JURISDICTION AND VENUE

6. Defendants admit Plaintiff purports to bring this action under the patent laws of the United States and that the Court has subject matter jurisdiction over this matter, but deny that there are any legal or factual bases for Plaintiff's Complaint.

7. Defendants admit this Court has personal jurisdiction over Defendants for purposes of this action.

8. Defendants admit they ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of California, and this District, including products accused in Plaintiff's Complaint of infringing the '752 Patent. Defendants further admit they solicit and have solicited customers in the State of California and in this District, and have paying customers that are residents of the State of California and this District that use and have used Defendants' products and services in the State of California and in this District. Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

9. Defendants admit venue in this District is proper.

## PATENT-IN-SUIT

10. Defendants admit the Patent-in-Suit purports to teach systems and methods for enabling a portable electronic device to retrieve information about an object when the object's symbology is detected. Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

## ACCUSED PRODUCTS

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

## COUNT 1

**(Infringement of U.S. Patent No. 8,424,752)**

13. Paragraph 13 of the Complaint does not contain any allegations to which a response is required. Defendants incorporate by reference their responses to Paragraphs 1-12 of the Complaint.

14. Defendants admit the '752 Patent states that it was issued on April 23, 2013 and that it is presumed valid pursuant to 35 U.S.C. § 282. Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and on that basis deny them.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

### Direct Infringement

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint and of Exhibit B referenced therein.

### Induced Infringement

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

### Contributory Infringement

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

### Willful Infringement

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

### Plaintiff Suffered Damages

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

### PLAINTIFF'S REQUEST FOR RELIEF

26. Defendants deny Plaintiff is entitled to any of the relief requested in Paragraph 26 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Pleading in the alternative, and without prejudice to the foregoing admissions, averments, and denials, Defendants hereby assert the following defenses to the

allegations in Plaintiff's Complaint. Defendants reserve the right to amend their Answer to add additional affirmative defenses and other defenses as discovery proceeds in this case.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendants are not infringing, and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the Patent-in-Suit, either literally, or by application of the doctrine of equivalents.

### Third Affirmative Defense

The Patent-in-Suit is invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

Plaintiff's claims of infringement are barred, in whole or in part, based on the doctrines of prosecution history estoppel and/or prosecution history disclaimer.

### Fifth Affirmative Defense

Plaintiff's claims are limited or barred by the equitable doctrines of waiver, estoppel, and/or laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 284, 286, 287, and/or 288.

### Eighth Affirmative Defense

To the extent Plaintiff asserts that Defendants indirectly infringed (either contributorily or by inducement), Defendants are not liable for the acts alleged to have been performed before Defendant knew its actions would cause the alleged indirect infringement.

### Ninth Affirmative Defense

Plaintiff is barred from asserting the Patent-in-Suit against Defendants to the extent Defendants' use is licensed or otherwise authorized and/or to the extent Plaintiff's patent rights in the accused technology are exhausted.

### Tenth Affirmative Defense

To the extent Plaintiff does not have title to the Patent-in-Suit, or to the extent that the right to sue for past infringement was not clearly conveyed to Plaintiff, Plaintiff lacks standing.

### COUNTERCLAIMS

For their counterclaims against Counterclaim-Defendant Symbology Innovations, LLC ("Symbology"), Counterclaim-Plaintiffs NOVAtime Technology, Inc. ("NOVAtime") and Ascentis Corporation ("Ascentis") (collectively, "Counterclaim-Plaintiffs") state and allege as follows:

## The Parties

1. NOVAtime is a California corporation with its principal place of business at 9680 Haven Avenue, Rancho Cucamonga, CA 91730.

2. Ascentis is a Delaware corporation with its principal place of business at 11995 Singletree Lane, Suite 400, Eden Prairie, MN 55344.

3. On information and belief, Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

## Jurisdiction and Venue

4. Symbology filed suit against Counterclaim-Plaintiffs alleging infringement of U.S. Patent No. 8,424,752 ("the '752 Patent").

5. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment that the '752 Patent is invalid and not infringed by Counterclaim-Plaintiffs.

6. This Court has subject matter jurisdiction over these Counterclaims under one or more of 28 U.S.C. §§ 1331, 1338, 2201, and/or 2202. An actual controversy exists because Symbology has asserted infringement by Counterclaim-Plaintiffs of the '752 Patent and Counterclaim-Plaintiffs believe these allegations are unfounded and without merit.

7. There exists an actual and substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance by this Court of a declaratory judgment.

8. The Court has personal jurisdiction over Symbology and venue is proper in this District because Symbology has voluntarily appeared and consented to this venue by filing its Complaint for patent infringement here.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '752 PATENT

9. Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. Counterclaim-Plaintiffs are not infringing, and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '752 Patent, either literally, or by application of the doctrine of equivalents.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '752 PATENT

11. Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1-10 of these Counterclaims as if fully set forth herein.

12. One or more claims of the '752 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## NOVATIME TECHNOLOGY, INC. AND ASCENTIS CORPORATION'S PRAYER FOR RELIEF

WHEREFORE, NOVAtime Technology, Inc. and Ascentis Corporation request the following judgment:

A. That the Court deny all relief to Symbology Innovations, LLC, requested in its Complaint;

B. A declaration that NOVAtime Technology, Inc. and Ascentis Corporation are not infringing, and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '752 Patent, either literally, or by application of the doctrine of equivalents;

C. A declaration that the '752 Patent is invalid;

D. A finding that this is an exceptional case and an award to NOVAtime Technology, Inc. and Ascentis Corporation of their reasonable attorneys' fees, expenses, and costs under 35 U.S.C. § 285; and

E. An award of such other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

NOVAtime Technology, Inc. and Ascentis Corporation hereby demand a trial by jury of all issues so triable in the above action.

Dated: April 23, 2020

ERIN O. DUNGAN
**PADMANBHAN & DAWSON, P.L.L.C.**

By:    */s/ Erin O. Dungan*
         Erin O. Dungan

Attorney for Defendants and Counterclaim Plaintiffs Novatime Technology, Inc. and Ascentis Corporation